1   THOMAS E. FRANKOVICH (State Bar No. 074414)
    THOMAS E. FRANKOVICH,
2   *A Professional Law Corporation*
    2806 Van Ness Avenue
3   San Francisco, CA 94109
    Telephone:    415/674-8600
4   Facsimile:    415/674-9900

5   Attorneys for Plaintiffs
    JAREK MOLSKI
6   and DISABILITY RIGHTS
    ENFORCEMENT, EDUCATION
7   SERVICES: HELPING YOU
    HELP OTHERS

8

9               UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11  JAREK MOLSKI, an individual; and    )   **CASE NO. C04-1984 RS**
    DISABILITY RIGHTS ENFORCEMENT, )       **Civil Rights**
12  EDUCATION SERVICES:HELPING    )
    YOU HELP OTHERS, a California public )   **COMPLAINT FOR INJUNCTIVE RELIEF**
13  benefit corporation,           )        **AND DAMAGES:**
14          Plaintiffs,            )        **1st CAUSE OF ACTION:** For Denial of
                                   )        Access by a Public Accommodation in
15  v.                             )        Violation of the Americans with Disabilities
                                   )        Act of 1990 (42 U.S.C. §12101, *et seq.*)
16  ALBERTSON'S, INC., a Delaware   )
    corporation,                   )        **2nd CAUSE OF ACTION:** For Denial of Full
17                                 )        and Equal Access in Violation of California
            Defendant.             )        Civil Code §§54, 54.1 and 54.3
18  _____)
19                                          **3rd CAUSE OF ACTION:** For Denial of
                                            Accessible Sanitary Facilities in Violation of
20                                          California Health & Safety Code §19955, *et
                                            seq.*
21
                                            **4th CAUSE OF ACTION:** For Denial of
22                                          Access to Full and Equal Accommodations,
                                            Advantages, Facilities, Privileges and/or
23                                          Services in Violation of California Civil Code
                                            §51, *et seq.* (The Unruh Civil Rights Act)
24
                                            **5th CAUSE OF ACTION:** For Unfair
25                                          Business Practices in Violation of California
                                            Business and Professions Code §17200, *et seq.*
26
                                            **DEMAND FOR JURY**
27
            Plaintiffs JAREK MOLSKI, an individual; and DISABILITY RIGHTS
28
    ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a

                                                                              1

California public benefit corporation (hereinafter sometimes referred to as "DREES"),

complain of defendant ALBERTSON'S, INC., a Delaware corporation, and allege as follows:

**INTRODUCTION:**

1.     This is a civil rights action for discrimination against persons with physical

disabilities, of which class plaintiffs JAREK MOLSKI and the membership of DREES are

members, for failure to remove architectural barriers structural in nature at defendant's

ALBERTSON'S SUPER MARKET, a place of public accommodation, thereby

discriminatorily denying plaintiffs and the class of other similarly situated persons with

physical disabilities access to, the full and equal enjoyment of, opportunity to participate in,

and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek

injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990,

42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California

Health & Safety Code §19955, *et seq.* and California Business and Professions Code §17200,

*et seq.*

2.     Plaintiff JAREK MOLSKI is a person with physical disabilities who, on or

about May 22, 2003, was an invitee, guest, patron, customer at defendant's ALBERTSON'S

SUPER MARKET, in the City of Morgan Hill, California.  At said time and place, defendant

failed to provide proper legal access to the ALBERTSON'S SUPER MARKET, "which is a

public accommodation" and/or a "public facility" including, but not limited to parking and

signage. The denial of access was in violation of both federal and California legal

requirements, and plaintiff JAREK MOLSKI suffered violation of his civil rights to full and

equal access, and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

§1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et

seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the

same nucleus of operative facts and arising out of the same transactions, are also brought

under parallel California law, whose goals are closely tied with the ADA, including but not

1  limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health

2  & Safety Code §19955 *et seq.*, including §19959; Title 24, California Building Standards

3  Code; and California Business and Professions Code §17200, *et seq.*

4       4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

5  founded on the facts that the real property which is the subject of this action is located in this

6  district at/near 16955 Monterey Rd., in the City of Morgan Hill, County of Santa Clara, State

7  of California and that plaintiffs' causes of action arose in this district.

8  **PARTIES:**

9       5.    Plaintiff JAREK MOLSKI is a "physically handicapped person," a "physically

10  disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically

11  disabled," "physically handicapped" and "person with physical disabilities" are used

12  interchangeably, as these words have similar or identical common usage and legal meaning,

13  but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

14  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

15  statutory measures refer to protection of the rights of "physically disabled persons." Plaintiff

16  JAREK MOLSKI is a "person with physical disabilities," as defined by all applicable

17  California and United States laws. Plaintiff is a paraplegic. Plaintiff JAREK MOLSKI

18  requires the use of a wheelchair to travel about in public. Consequently, plaintiff JAREK

19  MOLSKI is a member of that portion of the public whose rights are protected by the

20  provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public

21  Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil

22  Rights Act, Civil Code §§51, 51.5 and 54, *et seq.* and California Business and Professions

23  Code §17200, *et seq.*

24       6.    Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES:

25  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that

26  works with persons with disabilities to empower them to be independent in American society.

27  DREES accomplishes its goals and purposes through education on disability issues,

28

1   enforcement of the rights of persons with disabilities, and the provision of services to persons

2   with disabilities, the general public, public agencies and the private business sector.

3         7.    ALBERTSON'S, INC., a Delaware corporation (hereinafter alternatively

4   referred to as "defendant") is the owner and operator, lessor and/or lessee, or agent of the

5   owners, lessors and/or lessees, and/or alter ego, franchisor and/or franchisee, of the building

6   and/or buildings which constitute a public facility in and of itself, occupied by the

7   ALBERTSON'S SUPER MARKET, a public accommodation, located at/near 16955 Monterey

8   Rd., Morgan Hill, California, and subject to the requirements of California state law requiring

9   full and equal access to public facilities pursuant to §§19955 Health & Safety Code, and §§51,

10  51.5, 52(a), 54.1 and 54.3 Civil Code, and subject to Title III of the Americans with

11  Disabilities Act of 1990, and to all other legal requirements referred to in this complaint.

12        8.    At all times relevant to this complaint, defendant ALBERTSON'S, INC., a

13  Delaware corporation, is the lessee, or agent of the lessees, and/or lessors, of said premises,

14  and/or alter ego of the lessees, lessors and their agents, and owns and operates in joint

15  enterprise the subject ALBERTSON'S SUPER MARKET as a public facility at/near 16955

16  Monterey Rd., Morgan Hill, California.  This business is open to the general public and

17  conducts business therein.  The business operating on said premises is a "public

18  accommodation" or "public facility" subject to the requirements of California Civil Code §54,

19  *et seq.*  Plaintiffs do not know the relative responsibilities of the defendant in the operation of

20  the facilities herein complained of, and allege a joint venture and common enterprise by all

21  such defendants.

22        9.    At all times relevant to this complaint, defendants ALBERTSON'S, INC., a

23  Delaware corporation are the landlord(s)/lessor(s), tenant(s)/lessee(s) and the owners and

24  operators of the subject ALBERTSON'S SUPER MARKET, a public facility located at/near

25  16955 Monterey Rd., Morgan Hill, California.  As such, these defendants are jointly and

26  severally responsible to identify and remove architectural barriers pursuant to Code of Federal

27  Regulations section 36.201(b), which states in pertinent part:

28              **§ 36.201     General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

10.    Plaintiffs do not know the true names of defendant ALBERTSON'S, INC., a Delaware corporation, its business capacities, its ownership connection to the property and business, nor its relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all such defendants.  Plaintiffs are informed and believe that the defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.  Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of defendant ALBERTSON'S, INC., a Delaware corporation are ascertained.

11.    Plaintiffs are informed and believe that the named defendant conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

**PRELIMINARY FACTUAL ALLEGATIONS:**

12.    Defendant ALBERTSON'S, INC., a Delaware corporation is the private person and/or entity that is a public accommodations that owns, leases (or leases to), or operates the

5

1    ALBERTSON'S SUPER MARKET, located at/near 16955 Monterey Rd., Morgan Hill,

2    California.  The ALBERTSON'S SUPER MARKET, its parking and signage and its other

3    facilities are each a "place of public accommodation or facility" subject to the requirements of

4    the Americans with Disabilities Act and California Health & Safety Code §19955, *et seq.* On

5    information and belief, each such facility has, since July 1, 1970, undergone "alterations,

6    structural repairs and additions," each of which has subjected the ALBERTSON'S SUPER

7    MARKET  and each of its facilities, its parking and signage to handicapped access

8    requirements per the Americans with Disabilities Act Accessibility Guidelines for Buildings &

9    Facilities (ADAAG), Civil Code §54.1, and §19959, Health & Safety Code.

10       13.    Plaintiff JAREK MOLSKI is a person with a disability.  Plaintiff JAREK

11   MOLSKI is a "person with physical disabilities," as defined by all applicable California and

12   United States laws.  Plaintiff JAREK MOLSKI is a paraplegic.  Plaintiff JAREK MOLSKI

13   requires the use of a wheelchair for mobility and to travel in public.

14       14.    Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES:

15   HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3))  organization, the

16   purposes of which are promoting, providing and advocating disability rights, education,

17   independent living, enforcement and services which help provide assistance to persons with

18   disabilities and persons and entities who in turn will help others who have disabilities.

19       15.    That members of DREES, like plaintiff JAREK MOLSKI, will or have been

20   guests and invitees at the subject ALBERTSON'S SUPER MARKET, and that the interests of

21   plaintiff DREES in removing architectural barriers at the subject super market advance the

22   purposes of DREES to assure that all public accommodations, including the subject

23   ALBERTSON'S SUPER MARKET, are accessible to independent use by mobility-impaired

24   persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

25       16.    At all times stated herein, plaintiff JAREK MOLSKI was a member of DREES.

26       17.    At all times stated herein, JAREK "The Sheriff" MOLSKI, acted as a private

27   attorney general by and through his attorneys to enforce the Code of Federal Regulations to

28

6

ensure the ALBERTSON'S SUPER MARKET is accessible not only for himself but other persons with disabilities.

18.   At all times referred to herein and continuing to the present time, defendant advertised, publicized and held out ALBERTSON'S SUPER MARKET as being handicapped accessible and handicapped usable.

19.   On or about May 22, 2003, plaintiff JAREK MOLSKI was an invitee and guest at the subject ALBERTSON'S SUPER MARKET, with his significant other for the purposes of purchasing goods.

20.   On or about May 22, 2003, plaintiff JAREK MOLSKI entered the parking lot and discovered that all of the parking spaces marked for disabled parking were taken. Further plaintiff noticed that many of the handicapped parking stalls were improperly striped and there was an insufficient number of handicapped stalls.

21.   At said time and place, plaintiff JAREK MOLSKI had to wait for a handicapped stall to become available.

22.   Therefore, at said time and place, plaintiff JAREK MOLSKI, a person with a disability, encountered the following inaccessible elements of the subject ALBERTSON'S SUPER MARKET  which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

   a.   lack of the requisite type and number of disabled parking stall(s)

   b.   lack of sufficient handicapped accessible parking signage;

   c.   lack of tow-a-way signage;

   d.   On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

23.   At all times stated herein, the existence of architectural barriers at defendant's place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

24.     At all times stated herein, defendants, and each of them, were "negligent per se" in not removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

25.     As a legal result of defendant ALBERTSON'S, INC., a Delaware corporation's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

26.     As a further legal result of the actions and failure to act of defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff JAREK MOLSKI suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring), physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damage as prayed hereinafter in an amount within the jurisdiction of this court.

27.     Defendant's failure to remove the architectural barriers complained of herein created, at the time of plaintiff JAREK MOLSKI's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff fatigue, stress, strain and pain in futilely attempting to overcome the architectural barriers as stated herein.

28.     Plaintiff JAREK MOLSKI is "physically handicapped," "physically disabled," or a "person with physical disabilities" who was denied his rights to equal access to a public facility by defendant ALBERTSON'S, INC., a Delaware corporation, because defendant ALBERTSON'S, INC., a Delaware corporation maintained a super market without access for persons with physical disabilities to its facilities, including but not limited to parking, signage, and other public areas as stated herein, and continues to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

29.     Plaintiff DREES, whose members and the disability community that DREES serves are "physically handicapped," "physically disabled," or "persons with physical disabilities" and were, are and will be denied their rights to equal access to a public facility by defendant ALBERTSON'S, INC., a Delaware corporation because defendant ALBERTSON'S, INC., a Delaware corporation maintained a public super market without access for persons with physical disabilities to its facilities, including but not limited to parking, signage and other public areas as stated herein, and continues to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

30.     On information and belief, construction alterations carried out by defendant have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

31.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the ALBERTSON'S SUPER MARKET to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendant operates the super market as a public facility.  Plaintiffs seek damages for violation of their civil rights, from May 22, 2003 until such date as defendant brings the supermarket into compliance with the requirements of California and federal law.  To encourage defendant to bring the supermarket into compliance with the law, plaintiffs also seek daily damages of not less than $4,000/day, pursuant to §§52(a) and 54.3, California Civil

1   Code, for each day after his visit until such time as the super market  is made fully accessible

2   to plaintiffs and to other persons with physical disabilities.

3       32.    On information and belief, defendant has been negligent in it's affirmative duty

4   to identify the architectural barriers complained of herein and negligent in the removal of some

5   or all of said barriers.

6       33.    Because of defendant's violations, plaintiffs and other persons with physical

7   disabilities are unable to use public facilities such as those owned and operated by defendant

8   on a "full and equal" basis unless such facility is in compliance with the provisions of the

9   Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955,

10  *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court

11  compelling defendant to make the ALBERTSON'S SUPER MARKET accessible to persons

12  with disabilities.

13      34.    On information and belief, defendant has intentionally undertaken to modify and

14  alter existing building(s), and has failed to make them comply with accessibility requirements

15  under the requirements of ADAAG and Title 24.  The acts and omission of defendant in

16  failing to provide the required accessible public facilities at the time of plaintiff's visit and

17  injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried

18  out by defendant with a willful and conscious disregard for the rights and safety of plaintiffs

19  and other similarly situated persons, and justify exemplary damages pursuant to §3294 of the

20  Civil Code, in amounts sufficient to make a more profound example of defendant to other

21  operators of other markets, grocery stores, mini-marts and other public facilities, and to

22  punish defendant and to carry out the purposes of §3294 of the Civil Code.

23      35.    Plaintiffs are informed and believe and therefore allege that defendant

24  ALBERTSON'S, INC., a Delaware corporation, caused the subject building(s) which

25  constitute the supermarket to be constructed, altered and maintained in such a manner that

26  persons with physical disabilities were denied full and equal access to, within and throughout

27  said building(s) of the supermarket and were denied full and equal use of said public facilities.

28  Further, on information and belief, defendant has continued to maintain and operate said

supermarket and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendant that the configuration of ALBERTSON'S SUPER MARKET and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff JAREK MOLSKI, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Part 5.5, Health & Safety Code §19955-19959, *et seq.* and elsewhere in the laws of California.

36.   On information and belief, the subject public facilities and building(s) of ALBERTSON'S SUPER MARKET denied full and equal access to plaintiffs and other persons with physical disabilities in other respects due to noncompliance with requirements of Title 24 of California Building Standards Code and Health & Safety Code §19955, *et seq.*

37.   On personal knowledge, information and belief, the basis of defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the ALBERTSON'S SUPER MARKET and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, and businesses, notices defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendant's failure, under state and federal law, to make the ALBERTSON'S SUPER MARKET  accessible is further evidence of defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  The scope and means of the knowledge of defendant is within defendant's exclusive control and cannot be ascertained except through discovery.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendant knowingly and

1  willfully refused to take any steps to rectify the situation and to provide full and equal access

2  for plaintiffs and other persons with physical disabilities to the ALBERTSON'S SUPER

3  MARKET.  Said defendant has continued such practices, in conscious disregard for the rights

4  of plaintiffs and other persons with physical disabilities, up to the date of filing of this

5  complaint, and continuing thereon.  Defendant had further actual knowledge of the

6  architectural barriers referred to herein by virtue of the demand letter addressed to the

7  defendant and served concurrently with the summons and complaint.  Said conduct, with

8  knowledge of the effect it was and is having on plaintiffs and other persons with physical

9  disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of

10  plaintiffs and of other similarly situated persons, justifying the imposition of punitive and

11  exemplary damages per Civil Code §3294.

12       38.     Punitive Damages -- Defendant, at times prior to and including May 22, 2003,

13  and continuing to the present time, knew that persons with physical disabilities were denied

14  their rights of equal access to all portions of this public facility.  Despite such knowledge,

15  defendant failed and refused to take steps to comply with the applicable access statutes; and

16  despite knowledge of the resulting problems and denial of civil rights thereby suffered by

17  plaintiffs and other similarly situated persons with disabilities, including the specific notices

18  referred to in paragraph 37 of this complaint.  Defendant has failed and refused to take action

19  to grant full and equal access to persons with physical disabilities in the respects complained of

20  hereinabove.  Defendant has carried out a course of conduct of refusing to respond to, or

21  correct complaints about, denial of handicap access and has refused to comply with its legal

22  obligations to make the supermarket accessible pursuant to the Americans with Disabilities Act

23  of 1990, Americans with Disabilities Act Accessibility Guidelines (ADAAG) and Title 24.

24  Such actions and continuing course of conduct by defendant evidence despicable conduct in

25  conscious disregard for the rights or safety of plaintiffs and of other similarly situated persons,

26  justifying an award of exemplary and punitive damages pursuant to §3294, Civil Code.

27       39.     Defendant's actions have also been oppressive to persons with physical

28  disabilities and of other members of the public, and have evidenced actual or implied malicious

intent toward those members of the public, such as plaintiffs and other persons with physical disabilities who have been denied the proper access they are entitled to by law. Further, defendant's refusals on a day-to-day basis to remove the barriers complained of herein evidence despicable conduct in conscious disregard for the rights of plaintiffs and other members of the public with physical disabilities.

40. Plaintiffs pray for an award of punitive damages against defendant pursuant to Civil Code §3294 in an amount sufficient to make a more profound example of defendant and discourage owners and operators of other supermarkets and other public facilities, from willful disregard of the rights of persons with physical disabilities. Plaintiffs do not know the financial worth of defendant, or the amount of punitive damages sufficient to accomplish the public purposes of §3294 of the Civil Code and seek leave to amend this complaint when such facts are known.

41. Plaintiff JAREK MOLSKI and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.** **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant ALBERTSON'S, INC., a Delaware corporation)
(42 U.S.C. §12101, *et seq.*)

42. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 41 of this complaint.

43. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper

goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

44.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

45.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

(7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

• • •

(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

42 U.S.C. §12181(7)(E)

46.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

47.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a

disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendant set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

48.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of ALBERTSON'S SUPER MARKET pursuant to 42 U.S.C. §12182 (b)(2)(A)(I)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendant's failure to remove said barriers was

15

likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(I)-(iii); 42 U.S.C. §12182 (b)(2)(A)(I).

49.    Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for defendant to remove each of such barriers, defendant has failed to make the required services available through alternative methods which were readily achievable.

50.    On information and belief, construction work on, and modifications of, the subject building(s) of ALBERTSON'S SUPER MARKET occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

51.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, §308, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302. Plaintiffs cannot return to or make use of the public facilities complained of herein so long as the premises and defendant's policies bar full and equal use by persons with physical disabilities and those persons associated with them.

52.    Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff JAREK MOLSKI has not returned to defendant's premises since on or about May 22, 2003 but on information and belief, alleges that defendant

16

1   has continued to violate the law and deny the rights of plaintiffs and of other persons with

2   physical disabilities to access this public accommodation.  Pursuant to §308(a)(2), "In cases of

3   violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to

4   make such facilities readily accessible to and usable by individuals with disabilities to the

5   extent required by this title."

6        53.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil

7   Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to

8   implement the Americans with Disabilities Act of 1990, including but not limited to an order

9   granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned

10  upon being deemed to be the prevailing party.

11       54.    Plaintiffs seek damages pursuant to California Civil Code §§51, 51.5 and 52(a),

12  54, 54.1 and 54.3, which provide, within the statutory scheme, that a violation of the ADA is

13  a violation of California's Unruh Civil Rights Act.

14       Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

15  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
         IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
16       (On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS,
         ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
17       California public benefit corporation, and Against Defendant ALBERTSON'S, INC., a
         Delaware corporation)
18       (California Civil Code §§54, 54.1, 54.3, *et seq.*)

19       55.    Plaintiffs replead and incorporate by reference as if fully set forth again herein,

20  the allegations contained in paragraphs 1 through 54 of this complaint.

21       56.    At all times relevant to this action, California Civil Code §54 has provided that

22  persons with physical disabilities are not to be discriminated against because of physical

23  handicap or disability.   This section provides that:

24               (a) Individuals with disabilities . . . have the same rights
            as the general public to full and free use of the streets, highways,
25          sidewalks, walkways, public buildings, medical facilities,
            including hospitals, clinics, and physicians' offices, and other
26          public places.

27       57.    California Civil Code §54.1 provides that persons with disabilities shall not be

28  denied full and equal access to places of public accommodation or facilities:

(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

58.   California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

(d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

59.   Plaintiff JAREK MOLSKI and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendant as prescribed by §§54 and 54.1.  A separate act in violation of §§54 and 54.1 has been committed EACH DAY that defendant acts or fails to act and/or knowingly and willfully fails and refuses to remove **each** architectural barrier or policy and procedure barrier presently existing at the subject public accommodation which denies full and equal access for persons with physical disabilities to said building(s), elements and facilities of ALBERTSON'S SUPER MARKET.  Plaintiffs have been denied full and equal access on an ongoing basis since the date of plaintiff JAREK MOLSKI's first visit.  As a legal result, plaintiffs are

///

///

entitled to seek damages pursuant to California Civil Code §54.3(a), which provides:

Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54,

54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

60.    The public facilities above described constitute "public facilities and public accommodations" within the meaning of Health & Safety Code §19955 and were facilities to which members of the public are invited.  The aforementioned acts and omissions of defendant constitute a denial of equal access to use and enjoyment of these facilities by persons with disabilities including plaintiffs.  Said acts and omissions are also in violation of provisions of Title 24 of the California Building Standards Code.

61.    On or about May 22, 2003, plaintiff JAREK MOLSKI suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff JAREK MOLSKI was denied access to parking, signage and other public facilities as stated herein at the ALBERTSON'S SUPER MARKET and on the basis that plaintiff JAREK MOLSKI was a person with physical disabilities.

62.    As a result of the denial of equal access to defendant's facilities due to the acts and omissions of defendant in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff JAREK MOLSKI suffered physical discomfort, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring), emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendant's actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by

the defendant in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

63.     Plaintiffs have been damaged by defendant's wrongful conduct and seek the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons with, or an entity that represents persons with, physical disabilities on or about May 22, 2003, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

64.     As a result of defendant's acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of §54.3 of the Civil Code, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendant to make its facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

## III.     THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant ALBERTSON'S, INC., a Delaware corporation)
(Health & Safety Code §19955, *et seq.*)

65.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 64 of this complaint.

66.     Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of

20

Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

67.   Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.   On information and belief, portions of the supermarket and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the supermarket and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said supermarket and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

68.   Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of ALBERTSON'S SUPER MARKET and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

69.     Supermarkets such as the  ALBERTSON'S SUPER MARKET, are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

70.     As a legal result of denial of access to plaintiffs as hereinabove described, plaintiff JAREK MOLSKI suffered bodily and emotional injuries expectedly, normally and naturally associated with a denial of access to parking and signage and other public areas as stated herein.

71.     As a result of the actions and failure to act of defendant, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities, suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities, and plaintiff JAREK MOLSKI further suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring), emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry expectedly and naturally associated with a person with physical disabilities being denied access, all to plaintiffs' damages as prayed hereinafter in an amount within the jurisdiction of this court.

72.     Attorneys' Fees -- As a result of defendant's acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act

of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

73.     Plaintiffs seek injunctive relief for an order compelling defendant to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

74.     Plaintiffs seek damages pursuant to California Civil Code §§52(a) and 54.3.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.     FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant ALBERTSON'S, INC., a Delaware corporation)
(Civil Code §51, 51.5)

75.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 74 of this complaint.

76.     Defendant's actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor

shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendant in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendant, as a reasonable and prudent public accommodation, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendant.

77.    The acts and omissions of defendant stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

78.    Defendant's acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Further, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities

24

Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at ¶41, *et seq.*, as if repled herein.

79.     As a legal result of the violation of plaintiff JAREK MOLSKI's  civil rights as hereinabove described, plaintiff JAREK MOLSKI has suffered general damages, bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring), physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs JAREK MOLSKI and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

Wherefore, plaintiffs pray that this court grant relief and damages as hereinafter stated.

**V.    FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.***
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant ALBERTSON'S, INC., a Delaware corporation)
(Business & Professions Code §17200, *et seq.*)

80.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 79 of this complaint.

81.     Defendant has had actual and constructive notice of the Americans with Disabilities Act of 1990 and has seen places of public accommodation similar to the public accommodations subject to this action made accessible to persons with disabilities, *i.e.*, public accommodations with accessible parking and parking signage, accessible service and check out counters and restroom.

82.     Defendant ALBERTSON'S, INC., a Delaware corporation, and its agents, ostensible agents, masters, servants, employers, employees, representatives, franchisors, franchisees, joint venturers, alter egos, partners and/or associates, although having actual and constructive knowledge of the Americans with Disabilities Act of 1990 and accessible elements

25

of public accommodations, have engaged in an unlawful and unfair business act or practice of the California Business and Professions Code

> 17200.  As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code

> (Calif. Bus. & Prof. Code §17200)

in that defendant has intentionally and/or negligently failed to identify and remove architectural barriers at the subject ALBERTSON'S SUPER MARKET, thereby denying plaintiffs and those similarly situated from the opportunity to enjoy the goods and services provided therein.

83.   Plaintiffs JAREK MOLSKI and DREES have the right to act as private attorneys general to remedy such acts, as provided in sections 17204 and 17205 of the California Business and Professions Code, to wit:

> 17204.  Actions for any relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or any district attorney or by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or any city attorney of a city, or city and county, having a population in excess of 750,000, and, with the consent of the district attorney, by a city prosecutor in any city having a full-time city prosecutor or, with the consent of the district attorney, by a city attorney in any city and county in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public.
>
> .   .   .
>
> 17205.  Unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state.

> (Calif. Bus. & Prof. Code §§17204 and 17205)

Wherefore, plaintiffs pray that this court grant relief and damages as follows:

///
**PRAYER:**

26

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant ALBERTSON'S, INC., a Delaware corporation)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendant ALBERTSON'S, INC., a Delaware corporation, to make the ALBERTSON'S SUPER MARKET, located at 16955 Monterey Rd., Morgan Hill, California, readily accessible to and usable by individuals with disabilities, per Public Law 10 1-336, §308; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant ALBERTSON'S, INC., a Delaware corporation)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendant ALBERTSON'S, INC., a Delaware corporation, to make the ALBERTSON'S SUPER MARKET, located at 16955 Monterey Rd., Morgan Hill, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each day, from the inception of the filing of this complaint, on which defendants have failed to remove barriers which denied plaintiffs and other persons with disabilities full and equal access.

1      3.     Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil

2  Procedure §1021.5, if plaintiffs are deemed the prevailing party;

3      4.     Punitive damages pursuant to Civil Code §3294;

4      5.     For all costs of suit;

5      6.     Prejudgment interest pursuant to Civil Code §3291;

6      7.     Such other and further relief as the court may deem just and proper.

7  **III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
       EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
8      AND 54.3, *ET SEQ.***
       (On Behalf of Plaintiff JAREK MOLSKI, and Against Defendant ALBERTSON'S,
9      INC., a Delaware corporation)
       (California Civil Code §§54, 54.1, 54.3, *et seq.*)
10
       1.     General and compensatory damages according to proof.
11
12 **IV.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
       SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
13     §19955, *ET. SEQ.***
       (On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS,
14     ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a
       California public benefit corporation, and Against Defendant ALBERTSON'S, INC., a
15     Delaware corporation)
       (Health & Safety code §19955, *et seq.*)

16     1.     For injunctive relief, compelling defendant ALBERTSON'S, INC., a Delaware

17 corporation, to make the ALBERTSON'S SUPER MARKET, located at 16955 Monterey Rd.,

18 Morgan Hill, California, readily accessible to and usable by individuals with disabilities, per

19 state law.

20     2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code

21 §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the

22 prevailing party;

23     3.     For all costs of suit;

24     4.     For prejudgment interest pursuant to Civil Code §3291;

25     5.     Such other and further relief as the court may deem just and proper.

26 ///

27 ///

28 ///

28

**V.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff JAREK MOLSKI, and Against Defendant ALBERTSON'S, INC., a Delaware corporation)
(Health & Safety code §19955, *et seq.*)

1.   General and compensatory damages according to proof under Civil Code §§52(a) and 54.3;

2.   Special and consequential damages according to proof under Civil Code §§52(a) and 54.3.

**VI.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant ALBERTSON'S, INC., a Delaware corporation)
(California Civil Code §§51, 51.5, *et seq.*)

1.   All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each day on which defendant has denied to plaintiffs full and equal accommodations, advantages, facilities, privileges or services in any business establishment or have otherwise denied to plaintiffs and persons with physical disabilities equal access;

2.   Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.   Punitive damages pursuant to Civil Code §3294;

4.   For all costs of suit;

5.   Prejudgment interest pursuant to Civil Code §3291; and

6.   Such other and further relief as the court may deem just and proper.

**VII.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff JAREK MOLSKI, and Against Defendant ALBERTSON'S, INC., a Delaware corporation)
(California Civil Code §§51, 51.5, *et seq.*)

1.   General and compensatory damages to plaintiff JAREK MOLSKI according to proof.

**VIII.   PRAYER FOR FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.***
(On Behalf of Plaintiffs JAREK MOLSKI and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant ALBERTSON'S, INC., a Delaware corporation)
(Business & Professions Code §17200, *et seq.*)

1.      For injunctive relief, compelling defendant ALBERTSON'S, INC., a Delaware corporation, to make the ALBERTSON'S SUPER MARKET, located at 16955 Monterey Rd., Morgan Hill, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      Attorneys' fees pursuant to applicable code if plaintiffs are deemed the prevailing party.

Dated: May 19, 2004          THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*


                             By: _____/s/_____
                                   THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs JAREK MOLSKI and
                             DISABILITY RIGHTS, ENFORCEMENT,
                             EDUCATION SERVICES:HELPING YOU HELP
                             OTHERS, a California public benefit corporation

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: May 19, 2004          THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*


                             By: _____/s/_____
                                   THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs JAREK MOLSKI and
                             DISABILITY RIGHTS, ENFORCEMENT,
                             EDUCATION SERVICES:HELPING YOU HELP
                             OTHERS, a California public benefit corporation